IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM KELLY,<br><br>    Petitioner,<br><br>vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>    Respondent.                  / | No. C 12-03712 YGR (PR)<br><br>**ORDER OF TRANSFER** |

On July 16, 2012, Petitioner, a state prisoner, filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner asserts that he is unlawfully being held in the custody of the California Department of Corrections and Rehabilitation past his parole eligibility date. He also asserts that he should have been, and was not, placed on "non-revokable [sic], informal parole." (Pet. at 6.)

A petition for a writ of habeas corpus made by a person in custody under the judgment and sentence of a state court of a State which contains two or more federal judicial districts may be filed in either the district of confinement or the district of conviction. *See* 28 U.S.C. § 2241(d). Each of such districts shall have concurrent jurisdiction to entertain the petition; however, the district court for the district where the petition is filed may transfer the petition to the other district in the furtherance of justice. *See id.* Federal courts in California traditionally have chosen to hear the petitions challenging a conviction or sentence in the district of conviction. *See Dannenberg v. Ingle*, 831 F. Supp. 767, 767 (N.D. Cal. 1993); *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968). If the petition is directed to the manner in which a sentence is being executed, e.g., if it involves parole or time credits claims, the district of confinement is the preferable forum. *See* Habeas L.R. 2254-3(a); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989).

Petitioner was convicted in Kings County, which is located in the Eastern District of California. *See* 28 U.S.C. § 84. Petitioner is incarcerated at the California Rehabilitation Center in Riverside County, which lies within the venue of the Central District of California. *See id.* Accordingly, the United States District Court for the Eastern District of California and the United

1 States District Court for the Central District of California have concurrent jurisdiction over this
2 matter. Because Petitioner challenges the execution of his sentence, the Court hereby ORDERS that
3 pursuant to 28 U.S.C. § 1404(a) and Habeas L.R. 2254-3(b), and in the interests of justice, this peti-
4 tion be TRANSFERRED to the district of confinement -- the Eastern Division of the United States
5 District Court for the Central District of California.

6 All remaining motions are TERMINATED on this Court's docket as no longer pending in
7 this district.

8 IT IS SO ORDERED.
9 DATED: August 21, 2012

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

G:\PRO-SE\YGR\HC.12\Kelly3712.Transfer.frm     2